UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAM KUNWAR, an individual,<br><br>Defendant. | Civil Action No. 21-19287 (JXN) (JSA)<br><br>**OPINION** |

**NEALS**, District Judge

This matter having been opened to the Court by Connell Foley, counsel for Plaintiff Howard Johnson International ("HJI" or "Plaintiff") on a Motion for Default Judgment against Defendant Ram Kunwar ("Kunwar" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 23.) The Court has reviewed Plaintiff's submissions in connection with its motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's motion for default judgment is **GRANTED**.

**I.   BACKGROUND**

On November 10, 2017, HJI entered into a franchise agreement (the "Franchise Agreement") with Kunwar for the operation of a 58-room Howard Johnson guest lodging facility located at 2207 West 3rd Street, Pecos, Texas 79772, for a fifteen-year term. (*See* Am. Compl. ¶¶ 6-8, Exhibit A, ECF No. 15.) On that same day, HJI and Kunwar also entered into a SynXis Subscription Agreement (the "SynXis Agreement"), which governed Kunwar's access to and use of certain computer programs, applications, features, and services, as well as any and all

modifications, corrections, updates, and enhancements to same. (*See* Am. Compl. ¶ 9, Exhibit B.) Pursuant to section 7, section 18.1, and Schedule C of the Franchise Agreement, and section 5 of the SynXis Agreement, Kunwar was required to make certain periodic payments to HJI for royalties, system assessments, taxes, interest, SynXis Fees, and other fees (collectively, "Recurring Fees"). (Am. Compl. ¶ 9.) Additionally, pursuant to section 7.3 of the Franchise Agreement, Kunwar agreed that interest is payable "on any past due amount payable to [HJI] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." (Am. Compl. ¶ 10.)

Pursuant to section 11.2 of the Franchise Agreement, HJI could terminate the Franchise Agreement, with notice to Kunwar, if Kunwar (a) discontinued operating the Facility as a Howard Johnson guest lodging establishment; and/or (b) lost possession or the right to possession of the Facility. (Am. Compl. ¶ 13.) Under section 12.1 of the Franchise Agreement, Kunwar agreed that, in the event of a termination of the Franchise Agreement pursuant to section 11.2, it would pay liquidated damages to HJI in accordance with a formula specified in the Franchise Agreement. (Am. Compl. ¶ 14.) Section 12.1 of the Franchise Agreement set liquidated damages for the Facility at the product of $2,000.00 multiplied by the number of guest rooms Kunwar was authorized to operate at the time of termination.". (Am. Compl. ¶ 14, Exhibit A.)

Under section 17.4 of the Franchise Agreement, Kunwar agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." (Am. Compl. ¶ 15.)

According to Plaintiff's Amended Complaint, on or about December 28, 2021, Kunwar unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Howard

2

Johnson guest lodging facility. (Am. Compl. ¶ 16.) By letter dated January 27, 2022, HJI acknowledged Kunwar's termination of the Franchise Agreement, effective January 27, 2022, and advised Kunwar that he was required to pay to HJI as liquidated damages for premature termination the sum of $116,000.00 as required under the Franchise Agreement and all outstanding Recurring Fees through the date of termination. (Am. Compl. ¶ 17, Exhibit C.)

On October 25, 2021, HJI filed the present action against Kunwar, asserting claims for breach of contract and seeking damages from Kunwar. (*See* ECF No. 1.) HJI filed an Amended Complaint on September 15, 2022. (*See* ECF No. 15.) Upon the failure of Defendant to timely file a responsive pleading, on November 16, 2022, Plaintiff filed a request for default against Kunwar pursuant to Federal Rule of Civil Procedure 55(a). (*See* ECF No. 19.) On November 17, 2022, Default was entered against Kunwar. Defendant has failed to file any responsive pleading or otherwise appear in this action and has not requested any extension of time to respond.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. *See* Fed. R. Civ. P. 55. In determining whether an entry of default judgment is proper, the Court must first address the threshold issue of whether it has both subject matter and personal jurisdiction over the parties. *See Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119 (GEB), 2010 U.S. Dist. LEXIS 66759, at *4 (D.N.J. July 6, 2010). Once jurisdiction has been established, the Court must then determine (1) whether there is sufficient proof of service on defendants; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *see also Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137 (JBS)(KMW), 2012

3

U.S. Dist. LEXIS 102652, at *5 (D.N.J. July 24, 2012). Finally, if the Court determines default judgment is warranted, the Court must then make a determination as to the amount of damages a plaintiff is entitled to receive. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Notably, in deciding a motion for default judgment, "the factual allegations in a Complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005).

### III. DISCUSSION

#### A. Jurisdiction.

The Court has both subject matter and personal jurisdiction. The Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Here, HJI is a Delaware corporation with its principal place of business in New Jersey. (*See* Am. Compl. ¶ 1.) Defendant Kunwar is a citizen of Texas. (*Id.* ¶ 2.) The amount in controversy exceeds $75,000. (*Id.* ¶ 3.)

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332. (*See id.* ¶¶ 1-3.) The Court also has personal jurisdiction over Defendant based upon consent to jurisdiction in this district in the Contracts. (*See id.* ¶ 4.) Plaintiff provided the Court with sufficient proof of service of the Summons and Amended Complaint was effectuated on Kunwar by personal service in Pecos, Texas on October 20, 2022. (ECF No. 18.) Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendant was properly served. *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

#### B. Sufficiency of Plaintiff's Cause of Action

Plaintiff's Amended Complaint states a cause of action for breach of contract. (*See*

4

*generally* Am. Compl.) To establish liability for breach of contract, HJI bears the burden of showing (1) that the parties entered into a valid contract, (2) breach of the obligations under that contract occurred, and (3) damages accrued as a result of the breach. *See Murphy v. Implicito*, 392 N.J. Super. 245, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007); *see also Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985).

Here, the Complaint states a cause of action for breach of contract by alleging that: (1) Kunwar entered into the valid Franchise Agreement and SynXis Agreement with HJI, (2) Kunwar breached the Franchise Agreement and SynXis Agreement when Kunwar lost possession of the Facility, and (3) HJI suffered damages as a result of Kunwar's breach, in particular its failure to operate the Facility, pay outstanding Recurring Fees, and pay liquidated damages. (*See* Am. Compl. ¶¶ 7-18; *see also* Affidavit of Kendra Mallet ("Mallet Aff.") ¶¶ 3-15.) Assuming the Complaint's allegations to be true, the Court holds that Plaintiffs have stated a legitimate cause of action. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. *Doug Brady*, 250 F.R.D. at 177. Here, all factors weigh in favor of granting default judgment against Kunwar. First, the facts alleged in the Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the defendant has] a meritorious defense....'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted). Second, HJI has been prejudiced because Kunwar failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*,

No. 08-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant]."). Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted). As Kunwar has not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

**D. Monetary Damages**

Having determined that Plaintiff will be granted default judgment, the Court must next assess damages. On a motion for default judgment, allegations pertaining to damages are not assumed to be true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). As such, a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, if the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); *Comdyne I*, 908 F.2d at 1149.

Here, the damages HJI seeks are calculated pursuant to the parties' Franchise and SynXis Agreements. (*See* Am. Compl., Exhibits A and B.) *See Howard Johnson International, Inc.*, 2012 U.S. Dist. LEXIS 51426, at *15-17; *see also Ramada Worldwide, Inc. v. NPR Hosp., Inc.*, No. 06-4966 (WHW), 2008 U.S. Dist. LEXIS 3261, at **12-14 (D.N.J. Jan. 16, 2008).

    a.    <u>Recurring Fees</u>

HJI seeks Recurring Fees computed in accordance with the formulas set forth in sections 7, 18.1, and Schedule C of the parties' Franchise Agreement, and section 5 of the SynXis Agreement. (*See* Am. Compl. ¶ 11, Exhibit A, § 7, § 18 and Schedule C, Exhibit B, § 5; *see also*

Mallet Aff. ¶ 4; Exhibit D, Itemized Statement, ECF No, 23-4.) The Court finds that the itemized statement submitted by HJI supports and sets forth in detail its claim for outstanding Recurring Fees in the amount of $121,589.00 inclusive of interest (calculated at the legal rate of 1.5% per month pursuant to section 7.3 of the Franchise Agreement) as of December 28, 2022. (*See* Mallet Aff. ¶ 16; Exhibit D.)

        b. The Liquidated Damages Claim

HJI also seeks liquidated damages that became due as a result of the premature termination in accordance with section 12.1 of the parties' Franchise Agreement. (*See* Am. Compl. ¶ 14, Exhibit A; Mallet Aff. ¶ 21.) Section 12.1 of the Franchise Agreement set liquidated damages for the Facility at $2,000.00 for each guest room that Kunwar was authorized to operate at the time of termination. (*See* Mallet Aff. ¶ 22.) Consequently, HJI seeks the amount of $116,000.00 in liquidated damages ($2,000 for each of the 58 guest rooms at the time of Termination). (*See* Mallet Aff. ¶ 23.)

Furthermore, HJI is entitled to interest on this amount calculated at the legal rate of interest of 1.5% per month in the amount of $23,055.63 from January 27, 2022 (30 days from the date of termination) to March 6, 2023 (the anticipated return date of this Motion), which amounts to 403 days. The $23,055.63 figure is calculated by multiplying $116,000.00 (liquidated damages) by 18% per year, which equals $20,880.00 in interest per year. That amount is then divided by 365 days to equal $57.21 in interest per day. When the per diem interest of $57.21 is multiplied by 403 days, the interest owed equals $23,055.63. (*See* Mallet Aff. ¶ 25.)

In total, HJI seeks $260,644.63, inclusive of outstanding Recurring Fees in the amount of $121,589.00 inclusive of interest (calculated at the legal rate of 1.5% per month pursuant to section 7.3 of the Franchise Agreement, liquidated damages in the amount of $116,000.00 plus interest

7

(calculated at the legal rate of 1.5% per month in the amount of $23,055.63 from January 27, 2022 to March 6, 2023, which amounts to 403 days). The Court has reviewed HJI's submissions as to the damages requested and finds that they accurately and reasonably represent the amount Kunwar owes to HJI as a result of the premature termination of the parties' Agreements. The damages asserted are reasonable under the circumstances, do not require further inquiry, and will be awarded by the Court.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff Howard Johnson International, Inc.'s motion for default judgment (ECF No. 23) against Defendant Ram Kunwar is **GRANTED** and judgment shall be entered against Defendants in the amount of $260,644.63. An appropriate Order accompanies this Opinion.

**DATED: May \_1\_, 2023**

JULIEN XAVIER NEALS
United States District Judge